UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONG PHUONG BAKERY, INC.            CIVIL ACTION

VERSUS            No. 21-1109

GEMINI SOCIETY, LLC            SECTION: "J"(1)

**ORDER & REASONS**

Before the Court is a *Rule 12(b) Motion for Partial Dismissal* **(Rec. Doc. 26)** filed by Defendant, The Gemini Society, LLC (hereinafter "Gemini"). The motion is opposed by Plaintiff, Dong Phuong Bakery, Inc. (hereinafter "DPB") (Rec. Doc. 29). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED.**

**FACTS AND PROCEDURAL BACKGROUND**[1]

This declaratory judgment action arises from a contractual dispute between the parties concerning certain trademarks for marketing DPB's business.

On June 23, 2017, DPB retained Gemini to create a new website, king cake box design, and other marketing material. Each subsequent year including 2021, DPB retained Gemini via a new "Statement of Works" for various branding services.

On November 16, 2020, Gemini filed a trademark application with the United States Patent & Trademark Office ("USPTO") to register the DP Bakeshop Mark. This application is still currently pending.

---

[1] Information is taken from the Amended Complaint **(Rec. Doc. 20)**.

1

Gemini told DPB to commission Gemini to build the website, pay Gemini a percentage of gross revenues, and charge its resellers a "license fee." Gemini insisted DPB either adopt Gemini's plan or terminate their relationship.

On April 12, 2012, Linh Garza, President of DPB, notified Gemini that they were terminating their relationship due to Gemini's insistence that DPB charge its resellers a licensing fee. In response, Gemini demanded DPB cease use of all branding, marketing, and packaging items. Further, Gemini asserted that there was an outstanding invoice of $268,151.31 and that they exclusively owned all brand logomarks and logoscripts, brand and product naming, packing and brand colors, brand copy and positioning, brand artwork and characters. This same day, Gemini also disabled DPB's website, eliminating DPB's online sale abilities.

DPB claims that, as a result of Gemini's actions, DPB has been stripped of its website and branding materials, lost revenue and market share without a website during the pandemic, lost time, and incurred expenses including attorney fees and professional design costs.

On May 8, 2021, DPB filed suit against Gemini. In response, on July 27, 2021, Gemini moved to dismiss for failure to state a claim. On August 24, 2021, DPB amended their complaint, rendering Gemini's motion to dismiss moot.

In their Amended Complaint, DPB brought the following claims: (1) a declaratory judgment claim that Plaintiff is the sole owner of the trademark rights in the DP Bakeshop Mark and in the trade dress rights in the website and the king

cake boxes; (2) a declaratory judgment claim that Plaintiff, not Defendant, has the right to apply for federal registration of the DP Bakeshop Mark; (3) a declaratory judgment claim that Plaintiff has an irrevocable, fully paid license to use the DP Bakeshop Mark, the website, the king cake boxes, and trade dress; (4) a declaratory judgment claim that Plaintiff has paid all fees owed to Defendant under their contracts; and (5) a claim that Defendant's conduct violated the Louisiana Unfair Trade Practices Act ("LUTPA"). Defendant now seeks dismissal of Counts II and V.

## PARTIES' ARGUMENTS

Regarding Count II, Gemini argues DPB does not have jurisdiction to grant a declaratory judgment for three reasons: first, the issue is unripe because DPB has not filed for registration; second, the Court lacks authority to grant relief; and third, the Court should use its discretion to dismiss the claim. For Count V, they also contend that the issue is unripe and DPB has failed to allege an ascertainable loss under LUTPA.

In opposition, DPB argues that this issue is ripe, because they are forced into a position to abandon their rights. Specifically at issue, DPB contends they have the right to file for trademark registration as owner who uses the DP Bakeshop Mark in commerce. Because any application for registration of the DP Bakeshop Mark would be thrown out due to confusion over similar marks, they believe registration is a futile, unnecessary action. Further, DPB argues their Amended Complaint contains sufficient facts for a facially plausible ascertainable loss under LUTPA.

3

## **LEGAL STANDARD**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003). If a court lacks subject matter jurisdiction, it should dismiss without prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010). When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (internal quotation marks and citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual

allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

1. **Count II: Declaratory Judgment of Right to Apply for U.S. Trademark Registration**

To have jurisdiction, a court must determine if the declaratory action is justiciable, if the court has the authority to grant relief, and whether to exercise its broad discretion to decide or dismiss. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895-96 (5th Cir. 2000).

First, a declaratory action is justiciable if it can be presently litigated and is not hypothetical. *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 319 (5th Cir. 2006) (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)).  Frequently, justiciability boils down to an analysis of ripeness. *Total Gas & Power N. Am., Inc. v. FERC*, 480 F.3d 1372, 1381 (5th Cir. 2017). An action for a declaratory judgment is ripe when there is a case or controversy. *Orix*, 212 F.3d at 896; *SanDisk Corp. v. STMicroelectronics NV*, 480 F.3d 1372, 1381 (Fed. Cir. 2007).

In a trademark dispute, an actual case or controversy exists when there is "a substantial controversy, between parties having adverse legal interest, of sufficient

5

immediacy and reality to warrant the issuance of a declaratory judgment," even if the trademark application has not yet been approved. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 273 (2007); *Young v. Vannerson*, 612 F. Supp. 2d 829, 841, 845 (S.D. Tex. 2009); *Bell v. Accumetric, LLC*, 2019 U.S. Dist. LEXIS 126241, *4 (N.D. Tex. July 30, 2019). Although "mere awareness of a competing trademark is insufficient, . . . the plaintiff need not risk damages from an infringement suit." *Bell, LLC*, 2019 U.S. Dist. LEXIS 126241 at *4; *see MedImmune*, 549 U.S. at 127; *see also SanDisk Corp.*, 480 F.3d at 1381. Rather, in a trademark dispute, a declaratory judgment may be granted when the defendant forces the plaintiff into a position to abandon their rights. *Young*, 612 F. Supp. 2d at 841 (citing *SanDisk Corp.*, 480 F.3d at 1381). If a defendant conducts infringing activity or taking concrete steps to conduct such infringing activity, then the plaintiff may be forced into a position to abandon their rights. *OGD Equip. Co. v. Overhead Door Corp.*, 2019 U.S. Dist. LEXIS 136440, *19 (E.D. Tex. July 15, 2019).

In *Bell v. Accumetric*, an actual case or controversy existed, because the defendant demanded the plaintiff to stop commercial use of a trademark, change its domain name, and limit the products sold. 2019 U.S. Dist. LEXIS 126241, *5-6. Although the plaintiff's application for trademark registration was still pending, the Court found these actions gave rise to an actual case or controversy, because the defendant asserted their rights and their desire to enforce those rights. *Id.* at *6.

In *Young v. Vannerson*, the Court also found that there was an actual case or controversy, even though the trademark application had not matured into

6

registration. 612 F. Supp. 2d 829, 845. The defendants produced, sold, and distributed products with a logo substantially like the plaintiff's mark. *Id.* The Court reasoned those actions constituted significant, concrete steps to conduct infringing activity and created an actual case or controversy. *Id.* at 845-46.

Similarly, Gemini claimed ownership over all brand work, demanded DPB cease use of all items with their branding or marketing, disabled DPB's website, and offered king cake boxes with the DP Bakeshop Mark to third parties. Through these actions, Gemini asserted ownership rights and showed their desire to enforce those rights. Moreover, by offering the king cake boxes to third parties, they took significant, concrete steps to conduct infringing activity. Therefore, an actual case or controversy exists under these facts, even though the trademark application is still pending. DPB's claim is justiciable.

Second, the Court must have authority to grant a declaratory judgment. *Travelers Ins. Co. v. La. Farm Bureau Fed'n*, 996 F.2d 774, 776 (5th Cir. 1993). In general, district courts have authority to determine the registrability of an applicant's mark. *Std. Pressed Steel Co. v. Midwest Chrome Process Co.*, 418 F. Supp. 485, 493 (N.D. Ill. 1976). Especially when a defendant's actions exceed the limited scope of registration, district courts have jurisdiction to hear the case. *Bell*, 2019 U.S. Dist. LEXIS 126241, at *6 (finding district court jurisdiction appropriate because "Defendant exceeded the scope of the [Trademark Trial and Appeal Board (TTAB)] proceeding by demanding Plaintiff cease using "BOSS" in its name, change its domain name, and limit the products it sells"); *Young*, 612 F. Supp. 2d at 848 n.2 ("When, as

here, a parallel administrative proceeding is pending, courts have consistently declined to defer to the TTAB when additional claims are raised that cannot be resolved by the agency"). Even when parties could have filed a proceeding with the USPTO, a district court still has jurisdiction to hear a trademark dispute, can issue a declaratory judgment regarding a trademark, and is not required to defer to USPTO proceedings. *See Young*, 612 F. Supp. 2d at 848 n.2 (citing *Robin Singh Educ. Services Inc. v. Excel Test Prep Inc.*, 274 Fed. Appx. 399, 403 (5th Cir. 2008) ("federal courts are not obligated to defer to PTO proceedings nor are PTO's findings on infringement binding on federal courts")).

In *Young*, plaintiffs sought a declaration that they had the exclusive rights to the marks and the defendants had no rights in the marks. 612 F. Supp. 2d at 833. Even though no registration had been issued and there was a pending proceeding with the TTAB, the district court still had jurisdiction to hear the case and issue a declaratory judgment in favor of the plaintiffs. *Id.* at 837-46.

Here, DPB seeks a declaration that they have the right to file for registration and that Gemini does not have rights in the DP Bakeshop Mark. Not only is registration at issue in this case, but fraudulent and infringing conduct is as well. Thus, even though trademark registration is pending and USPTO could also potentially have jurisdiction, this Court still has authority to grant declaratory judgment relief in the present matter.

Third, it is well settled that district courts have broad discretion whether to dismiss or decide a declaratory judgment action. *Travelers*, 996 F2d at 778. There are

8

several factors that courts consider when determining if they have jurisdiction over a declaratory judgment action, one of which is "whether retaining the lawsuit in federal court would serve the purposes of judicial economy." *Id*. To note, declaratory judgment actions are considered especially useful in trademark disputes, so finding district courts to have jurisdiction should be determined with some liberality. *See Young*, 612 F. Supp. at 839 (quoting *Starter Corp. v. Converse, Inc.*, 84 F.3d 592 (2nd Cir. 1996)).

In this case, denying Gemini's motion to dismiss is in the interest of judicial economy. DPB points out that Gemini only disputes Count I, but they do not move for dismissal. Count I would establish DPB as the owner of the DP Bakeshop Mark, and accordingly, the Lanham Act would provide DPB with the exclusive right to file for registration. 15 U.S.C. 15(a)(1). Rather than wasting court and party resources in litigation, if DPB can carry their burden of proof, a declaratory judgment that they have the right to file would be in the interest of judicial economy.

Accordingly, this Court has jurisdiction over Count II.

**2. Count V: Unfair Competition and Deceptive Trade Practices**

Gemini argues that Count V should be dismissed for two reasons: first, the claim is not ripe; and second, DPB has failed to state a claim under LUTPA, specifically that they have not alleged an ascertainable loss.

First, for the reasons described above, DPB's LUTPA claim is ripe. "A case becomes ripe for determination when the 'harm asserted has matured sufficiently to warrant judicial intervention.'" *Blitch v. City of Slidell*, 260 F. Supp. 3d 656, 662 (E.D.

9

La. 2017) (citing *Contender Farms, L.L.P. v. U.S. Dep't of Agriculture*, 779 F.3d 258, 267 (5th Cir. 2015)). Here, Gemini's conduct has harmed DPB sufficiently so that judicial intervention is appropriate. Hence, Count V is ripe.

Second, DPB alleged sufficient facts to have a facially plausible claim under LUTPA. LUTPA prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce. La. R.S. 51:1405(A). LUTPA sanctions "egregious [conduct] involving elements of fraud, misrepresentation, deception, or other unethical conduct." *Cheramie Servs. V. Shell Deepwater Prod.*, 09-1633 (La. 04/23/10), 35 So. 3d 1053, 1060. Moreover, the alleged conduct must offend public policy and be "immoral, unethical, oppressive, or substantially injurious." *Id.* at 1059. Pursuant to LUTPA, "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice . . . [may] recover actual damages." La. Rev. Stat. § 51:1409(A). LUTPA permits an award of attorney's fees and costs if damages are awarded. *Id.*

In *McFadden v. Import One, Inc.*, the plaintiff entered into a sales agreement with the defendant for a new car on the condition that the defendant obtain financing for the plaintiff at a certain rate. 10-952 (La App. 3d Cir. 02/09/11), 56 So.3d 1212, 1215. The plaintiff traded in her old car and was allowed to take the new car while the defendant obtained financing. *Id.* However, the defendant was only able to obtain financing at a higher rate, which the plaintiff refused, demanding financing at the agreed-upon rate or the return of her car. *Id.* at 1215-16. The plaintiff attempted to

return the new car several times, but the defendant refused and threatened to report the new car as stolen if she did not agree to purchase it. *Id.* at 1216. The defendant reported the new car as stolen, and the police went to the plaintiff's workplace to repossess the car. *Id.* The defendant refused to return the plaintiff's original car until months after she filed suit. *Id.* The trial court entered judgment for the plaintiff but declined to award her treble damages under LUTPA. *Id.* The court of appeal reversed, holding that the defendant's conduct in "essentially holding McFadden's vehicle hostage in an attempt to coerce a sale from her" violated LUTPA. *Id.* at 1221.

*McFadden* is analogous to the instant matter in that the defendant (1) falsely asserted rights to property owned by the plaintiff and (2) made false statements to a government agency to disadvantage the plaintiff while (3) attempting to increase the purchase price of an already agreed-upon deal.

In this case, DPB alleges that Gemini "misrepresented to the USPTO that Gemini owned the DP Bakeshop Mark through use of the mark in commerce, and falsely stated that no one else had any right to use the mark in commerce," despite the fact that Defendant "never used the DP Bakeshop Mark, website or king cake boxes in commerce, as Gemini is not a bakery or a restaurant." (Rec. Doc. 20, at 10, 11). Because of this, Plaintiff contends that it "is unable to register the DP Bakeshop Mark with the U.S. Patent & Trademark Office because Defendant has a senior, pending trademark application to register the exact same mark" and that "[a]ny federal trademark application Plaintiff files for the DP Bakeshop Mark will be refused by the U.S. Patent & Trademark Office due to a likelihood of confusion with

11

the exact same DP Bakeshop Mark in the fraudulent trademark application." *Id.* at 21. DPB further alleges that Gemini sent DPB an "outstanding invoice" of $268,151.31 for work already paid for. *Id.* at 13. This sufficiently alleges egregious conduct to state a claim under LUTPA.

Next, Gemini contends DPB failed to allege an ascertainable loss. Gemini cites *Advance Prods. & Sys. v. CCI Pining Sys.*, in which the Counter-Plaintiff/Defendant only alleged damages of attorney's fees and costs under LUTPA. *Advance Prods. & Sys. v. CCI Piping Sys. L.L.C.*, 2018 U.S. Dist. LEXIS 14814, *6 (W.D. La. Jan. 24, 2018). The Court determined these damages were ancillary to the LUTPA claim and were incurred as a result of the pending patent infringement claim against Counter-Plaintiff/Defendant. *Id.* at *6-7. Because these were the only damages alleged under LUTPA, the outcome of the patent infringement claim was not yet determined, and it was uncertain which party would prevail, the alleged damages were not yet ascertainable. *Id.*

This case is distinguishable from *Advance Prods.*, because DPB alleges damages caused by Gemini's conduct in addition to attorney's fees and costs. (Rec. Doc. 21, 23). For example, DPB alleges Gemini caused them to incur rebranding costs, loss of revenue, and loss of market share. *Id.* at 21. If DPB prevails on their claim, Gemini will pay for these ascertainable losses and additionally, the court may grant an ancillary award of attorney's fees and costs.

In sum, Count V contains sufficient facts for a facially plausible claim under LUTPA.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Rule 12(b) Motion for Partial Dismissal* **(Rec. Doc. 26)** is **DENIED.**

New Orleans, Louisiana, this 29th day of October, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE