UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONG PHUONG BAKERY, INC. | CIVIL ACTION |
| VERSUS | NO. 21-1109 |
| GEMINI SOCIETY, LLC | SECTION: "J"(1) |

## ORDER & REASONS

Before the Court is the *Individual Defendants' Rule 12(b) Motion to Dismiss and Gemini Society's Motion for Partial Judgment on the Pleadings* **(Rec. Doc. 88)** filed by Deziderio Ramirez, Nelly Paulina Ramirez, and James Martis (collectively, the "Individual Defendants") and Gemini Society, LLC ("Gemini" and, together with the Individual Defendants, the "Defendants"). The motions are opposed by Plaintiff, Dong Phuong Bakery, Inc. ("Plaintiff") (Rec. Doc. 92). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion **(Rec. Doc. 88)** shall be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This action arises from a dispute involving Defendants' branding and marketing work rendered for Plaintiff's bakery.

On May 8, 2021, Plaintiff filed suit against Gemini as the only Defendant. On December 21, 2021, Plaintiff filed a Second Amended Complaint adding Individual Defendants as parties and bringing claims for fraud, detrimental reliance, conspiracy, and Louisiana Unfair Trade Practices Act (LUTPA) against all Defendants. The Individual Defendants include Mr. Martis and Mr. Ramirez who own Gemini, and Mrs. Ramirez who is Mr. Ramirez's wife and a part-time employee of Gemini.

1

Defendants now move to dismiss Plaintiff's fraud, detrimental reliance, and conspiracy claims against all Defendants for failure to state a claim and move for judgment on the pleadings as to these claims. Additionally, the Individual Defendants move for partial dismissal Plaintiff's LUTPA claim to the extent it applies to them. Separately, the Individual Defendants move to dismiss the case against them for lack of personal jurisdiction and improper venue.

**LEGAL STANDARD**

    **I.   Motion to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## II.     Motion for Judgment on the Pleadings

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

Courts evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In deciding a motion under Rule 12(c), the Court must determine whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief. *Id.* While the Court must accept the factual allegations in the pleadings as true, the "plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

3

to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

In deciding the motion, the Court may look only to the pleadings, *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and exhibits attached to the pleadings, *see Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998). The Court may consider materials outside the pleadings if those materials are matters of public record. *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006).

## DISCUSSION

### I. Detrimental Reliance

Plaintiff brings a detrimental reliance claim against all Defendants alleging that Plaintiff reasonably relied on the following representations and omissions to its detriment:

1) Mr. Ramirez, Mrs. Ramirez, and Mr. Martis falsely represented that "Gemini had experience in building successful reseller e-shops" and "Gemini would build Dong Phuong a user-friendly Reseller E-shop for use with king cake resellers that would function properly and streamline Dong Phuong's order and production processes." "Although Mrs. Garza initially resisted the idea of a Reseller E-shop," "Gemini convinced Mrs. Garza." "The Reseller E-shop was a failure. It was not user friendly. It did not function properly. It failed to streamline Dong Phuong's order and production processes." (Hereinafter, the "First Allegation") (Rec. Doc. 63, at 28-29).

2) "Defendants intentionally and purposefully did not disclose to Dong Phuong that the industry standard is to assign all rights in the new brand and related materials to the client . . . Dong Phuong relied on Defendants to disclose industry standards related to ownership of its new brand and related materials . . . when it executed the Statements of Work . . . Dong Phuong has been harmed because it has not received an assignment of all

4

rights related to its brand and the materials." (Hereinafter, the "Second Allegation") *Id.* at 27-28.

3) "Defendants represented to Dong Phuong all amounts Gemini was owed and would claim to be owed for the services it provided in each of the 2017-2021 Statements. However, Defendants knew that Gemini actually claimed that it was owed more . . . Dong Phuong relied on Defendants' misrepresentations to its detriment . . . Dong Phuong must seek the Court's declaration regarding amounts owed, defend against Gemini's claims, and incur significant legal fees." (Hereinafter, the "Third Allegation") *Id.* at 29.

Each of Plaintiff's allegations of detrimental reliance fails for different reasons. Detrimental reliance claims are disfavored in Louisiana. *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007). "Detrimental reliance requires (1) a representation by conduct or word, (2) justifiable reliance on the representation, and (3) a change in position to the plaintiff's detriment as a result of the reliance." *Drs. Bethea, Moustoukas and Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004). Essentially, "the existence of a promise and a reasonable reliance on that promise to one's detriment are the only requirements." *Percy J. Matherne Contractor, Inc. v. Grinnell Fire Protection Systems Co.*, 915 F.Supp. 818, 824 (M.D. La. 1995).

The First Allegation fails, because there are insufficient facts to determine whether reliance was reasonable. Whether reliance is reasonable is a question of fact. *Caplan v. Oschner Clinic, L.L.C.*, 799 F.Supp. 2d 648, 651 (E.D. La. 2011). Here, Plaintiff provides little information beyond a general allegation that Gemini represented it had experience and skills in building reseller e-shops, but the final product was not to Plaintiff's liking. However, Plaintiff fails to allege what words were said, who said them, and the context in which the words were said. In the

5

absence of any of these facts, Plaintiff has not plausibly pled reasonable reliance under the 12(b)(6) standard.

The Second Allegation also is not sufficiently pled, because there are specific requirements for silence to constitute a representation that Plaintiff not does provide in the complaint. Silence is a basis for detrimental reliance only when a duty to speak exists. *E.g.*, *BMC. L.L.C. v. Cheatwood*, 12-411, p. 2-3 (La. App. 3 Cir. 11/7/12); 2012 La. App. Unpub. LEXIS 699, at *4-5. For such a duty to exist, "certain conditions must be met, as follows: 1) the party estopped must be shown to have had opportunity to speak or act; 2) the party estopped must have had full knowledge of the facts and of his rights; 3) the party estopped must have intended to mislead or at least have had a willingness that others should be deceived; 4) the pleader of estoppel must be shown to have been ignorant of the truth and without convenient or ready means of learning the truth; and 5) the pleader of estoppel must have been misled into doing what he would not have done but for the silence of the party estopped." *McCoil v. West Enterprises, Inc.*, 552 So. 2d 1302, 1306 (La. App. 5 Cir. 1989) (quoting *Duthu v. Allements Roberson Machine Works, Inc.*, 393 So. 2d 184, 186-87 (La. App. 1 Cir. 1980); *BMC. L.L.C. v. Cheatwood*, 12-411, pg. 2-3 (La. App. 3 Cir. 11/7/12); 2012 La. App. Unpub. LEXIS 699, at *4-5. Moreover, "a party who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending he did not read it, that he did not understand it, or that the other party failed to explain it to him." *Bank of N.Y. v. Bass,* 13-405 (La. App. 1 Cir. 11/13/13); 2013 La. App. Unpub. LEXIS 712, *13 (citing *Coleman v. Jim Walter Homes, Inc.*, 08-1221, p. 7 (La.

3/17/19), 6 So. 3d 179, 183). An opposing party is not obliged to remedy the other party's ignorance of its legal rights, especially when the opposing party does not know silence will mislead the ignorant party. *See Duthu*, 393 So. 2d at 187. Further, if the sought information is easily discoverable, then there is no duty for the other party to speak. La. Civ. Code art. 1954.

In this case, Defendants had no duty to inform Plaintiff of different contractual options for assignment of rights or the industry's standard approach. Plaintiff is a sophisticated party, who is presumed to know the contents of its contract before signature and cannot avoid the consequences by contending Defendants failed to explain their rights, options, or the industry standard. Moreover, there are no facts alleged to indicate that Defendants knew silence would mislead Plaintiff into entering the contract with them. Therefore, the Second Allegation does not meet the muster of 12(b)(6) to properly plead that silence was a representation.

The Third Allegation fails to state a claim for detrimental reliance, because the subject matter is a contractual matter in essence. Detrimental reliance "usually functions when no written contract or an unenforceable contract exists between the parties." *Bethea, Moustoukas and Weaver LL*, 376 F.3d at 403. Generally, the Third Allegation contends that Defendant withheld information about how much money was owed. Not only does Plaintiff fail to show Defendant had a duty to speak, but also this simply is not a detrimental reliance claim. Rather, this is a contractual question to determine how much is owed for services rendered pursuant to enforceable contracts.

7

Therefore, Plaintiff's detrimental reliance claim must be dismissed.

## II. Fraud

Defendants move to dismiss the fraud claim, arguing that Plaintiff failed to allege fraud with particularity as required by Rule 9(b). Specifically, Defendants take issue that the fraud allegations do not identify the statements nor who said them. Plaintiff counters that it sufficiently pled three separate bases for its fraud count, and the Individual Defendants are on notice of the speakers' identities. Plaintiff explains that when it refers to "Defendants" within the pleadings, it means to refer to the Ramirezes and Mr. Martis, which is sufficiently particular.

Rule 9(b) of the Federal Code of Civil Procedure requires a plaintiff to plead fraud with particularity, meaning they must specify the statements contended to be fraudulent, the speaker, when and where the statements were made, and why the statements were fraudulent. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550-51 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). "In the case of multiple defendants, a number of courts have held that allegations of misrepresentations by 'defendants' will not suffice, and that instead, to satisfy his pleading burden, the plaintiff must specifically identify each defendant alleged to have made the charged misrepresentation." *Gibson v. Fleet Mortg. Group*, 2001 U.S. Dist. LEXIS 24932, at *12 (S.D. Miss. Oct. 9, 2001); *Brister v. All Star Chevrolet*, 1997 U.S. Dist. LEXIS 22072, at *4 (M.D. La. Apr. 21, 1997) ("[W]hen multiple defendants are accused of participating in the scheme to defraud, plaintiffs must take care to inform which defendants were responsible for each individual act of fraud.").

8

In *Christensen v. WMA Consumer Servs., Inc.*, the court held that the complaint failed to provide the defendants with proper notice of the claims, because plaintiffs did not specify the statements contended to be fraudulent and repeatedly lumped the "defendants" together as the speaker. 2003 U.S. Dist. LEXIS 16475, at *9 (E.D. La. Sep. 5, 2003). The complaint failed to identify the particular defendant who committed the fraud, and so, the claim was dismissed. *Id.* at 9-10.

Similarly, in Plaintiff's three bases for fraud, Plaintiff lumps together "Defendants" as the speaker, failing to identify the particular defendant making the statements. Not only does Plaintiff fail to identify the speaker, but further, Plaintiff does not specify the fraudulent statement. At most, Plaintiff generally alludes to the contents of conversations, but it is unclear what the statements actually were. For these reasons, Plaintiff has not properly noticed Defendants and the fraud claim must be dismissed.

### III. LUTPA

The Individual Defendants move to partially dismiss Plaintiff's LUTPA claims.[1] They contend that generally referring to "Defendants" in the complaint fails to identify who is specifically accused of the wrongful act and so, the Individual Defendants have not been given fair notice of the claims brought against them. Plaintiff argues that the Court previously found their LUTPA claim to be plausible and should find that the claim survives dismissal a second time.

---

[1] To note, the Gemini Society does not move to dismiss the LUTPA claim, only the Individual Defendants.

9

A LUTPA claim must show (1) "the plaintiff suffered an ascertainable loss; and (2) the loss must have resulted from another's use of unfair methods of competition and unfair or deceptive acts or practices." *Express Lien, Inc. v. Nationwide Notice, Inc.*, 2016 U.S. Dist. 168242, at *18-19 (E.D. La. Dec. 5, 2016) (quoting *Hurricane Fence Co. v. Jensen Metal Prods., Inc.*, 12-956, p. 7 (La. App. 5 Cir. 5/23/13); 119 So. 3d 683, 688). "Collective pleading, where allegations are levied against multiple defendants without differentiation, does not pass muster." [2] *Jackson v. Gautreaux*, 2022 U.S. Dist. LEXIS 42698, at *8 (M.D. La. Mar. 9, 2022); *see also Shear v. Lopinto*, 2021 U.S. Dist. LEXIS 95890, at *12 (E.D. La. May 20, 2021) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)) ("multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against' – is pleading that fails 'to give the defendants adequate notice of the claims against them and the grounds upon which claims rest and [are] disfavored.")

---

[2] Although dismissed on similar grounds, to clarify, the pleading standard for a LUTPA claim is lower than the heightened standard for a fraud claim. To meet the particularity requirement for fraud, a plaintiff must specify the speaker of the fraudulent statement regardless of whether the accused parties are natural or juridical persons. *Sullivan*, 600 F.3d at 550-51 (quoting *ABC Arbitrage*, 291 F.3d at 350). However, for claims other than fraud, the general standard applies, where a plaintiff must notify the person of what they are accused. For corporations, like Gemini, "because a corporation is a legal person, it is sufficient for the purposes of the complaint to allege its actions or failures as a legal person." *Kuznar v. Raksha Corp.*, 481 Mich. 169, 181 (2008) (citing *Theophelis v Lansing Gen Hosp,* 430 Mich 473, 478; 424 NW2d 478 (1988)); *see Plat Form v. Irvine Brewery*, 2019 Cal. Super. LEXIS 64184, *5 (2019) (quoting *Kight v. CashCall, Inc.,* 200 Cal.App.4th 1377, 1392 (2011)) ("Because a corporation is a legal fiction that cannot act except through its employees or agents, a corporation and its employees generally function as a single legal unit and are the same legal 'person' for purposes of applying various tort, agency, and jurisdiction principles."); *see also Dawson Engineers, Inc. v. Lemel Iron Works, Inc.*, 307 So. 2d 771, 772 (La. App. 1 Cir. 1975) (explaining legal acts are attributable to corporations as separate legal entities, distinct from the people who compose them). All this to say, it was insufficient to plead that "Gemini" uttered fraudulent statements, but it is sufficient for plaintiff to allege "Gemini" acted in violation of LUTPA, even though Gemini is a legal fiction composed of natural persons.

10

Indeed, this Court did find Plaintiff's LUTPA claim plausible in its prior First Amended Complaint, when the claim was brought against Gemini alone. (Rec. Doc. 43). However, the claim does not pass muster as alleged against the Individual Defendants. In the Second Amended Complaint, Plaintiff accuses "Gemini" and "Defendants" interchangeably of unfair trade practices, alternating between the two. Although the LUTPA claim will be maintained against Gemini, who does not join this part of the motion, the Individual Defendants are not properly put on notice by Plaintiff's allegations, which fail to specify which Defendant is liable for which action. Therefore, the partial motion to dismiss will be granted.

## IV.   Conspiracy

Defendants move to dismiss Plaintiff's conspiracy claim, arguing that if the Court dismisses the fraud, detrimental reliance, and LUTPA claims against the Individual Defendants, then there is no underlying tort to support a conspiracy claim. The Court finds that Defendants are correct that conspiracy is a derivative tort that depends upon defendants' underlying wrongdoing. *United Biologics, L.L.C. v. Allergy & Asthma Network*, 819 F.App'x 204, 208 (5th Cir. 2020). Additionally, a conspiracy "requires two or more persons or entities. Because the acts of corporate agents are attributable to the corporation itself, a corporation lacks the multiplicity of actors required to form a conspiracy." *Tow v. Bulman*, 2016 U.S. Dist. LEXIS 57396, at *91 (E.D. La. April 29, 2016) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 654 (5th Cir. 1994)). Here, Plaintiff brought the conspiracy claim against Gemini and the Individual Defendants, but as discussed above, all claims against the Individual

11

Defendants shall be dismissed. This leaves one sole remaining Defendant, Gemini, which means there are not the two or more persons or entities as required for a conspiracy claim.

**RECOMMENDATION**

Accordingly,

**IT IS HEREBY ORDERED** that *Individual Defendants' Rule 12(b) Motion to Dismiss and Gemini Society's Motion for Partial Judgment on the Pleadings* **(Rec. Doc. 88)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one (21) days to file an amended complaint, following which Defendants may file an amended answer or motion to dismiss.

New Orleans, Louisiana, this 10th day of May, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE