UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONG PHUONG BAKERY, INC. | * | CIVIL ACTION NO. 21-1109 |
| | * | |
| | * | SECTION: "J"(1) |
| VERSUS | * | |
| | * | JUDGE CARL J. BARBIER |
| | * | |
| GEMINI SOCIETY, LLC | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is Dong Phuong Bakery Inc.'s Motion for Calculation of Attorneys' Fees. (Rec. Doc. 205). Overall, the Court finds Dong Phuong's requested fees are reasonable, however, the Court will reduce the request by $1,062.50 to account for duplication of effort and billing for administrative work as further discussed below. Dong Phuong's Motion is GRANTED; and The Gemini Society, LLC shall pay Dong Phuong's reasonable attorneys' fees of $6,943.70 to Dong Phuong.

Background

This lawsuit concerned an intellectual property dispute arising out of certain branding and advertising materials created by Gemini for Dong Phuong. The parties eventually reached a settlement and thereafter executed a settlement agreement. On March 27, 2023, the undersigned denied Gemini's Motion to Enforce Settlement Agreement, finding that there had been no breach of the agreement. The Court held further that pursuant to the Settlement Agreement, Dong Phuong was entitled to its reasonable attorneys' fees for defending the Motion to Enforce.

In compliance with the Court's instruction, Dong Phuong filed the present Motion for Calculation of Attorneys' Fees. It seeks a total of $8,006.20. It has produced two declarations of counsel along with time entries reflecting the work done and the amount of time spent.  In addition

1

to attorney Samantha Griffin, who was retained by Dong Phuong's insurer State Farm to provide a defense to the claims asserted by Gemini, Dong Phuong retained attorneys Adam Vickers and Amanda Butler Schley[1] as special intellectual property counsel.[2] With regard to the fees at issue here, Vickers attests that along with Griffin and Butler-Schley, he helped develop the strategy to address Gemini's motion. Vickers has been licensed to practice law since 2006 and has been licensed to practice before the U.S. Patent & Trademark Office since 2009. No information has been provided about Butler-Schley's experience. Vickers and Butler-Schley charged an hourly rate of $350 per hour, and their paralegal charged $125 per hour. In her declaration, Griffin attests that she has practiced for 21 years and has experience with complex commercial litigation. On this matter, she charged a discounted hourly rate of $200 per hour.

Gemini opposes, arguing that the requested fees should be reduced by $3,245 to account for the hourly rate for Butler-Schley and their paralegal being unsupported by evidence of their experience, time entries for duplicative work, and work performed on the fee motion.

Law and Analysis

1. *Fees for Time Spent on the Fees Motion*

In its opposition memorandum, Gemini argues that Dong Phuong is not entitled to recover the attorneys' fees it incurred in preparing its motion for calculation for attorneys' fees because the court did not award such fees and because the work performed is of an administrative nature. Dong Phuong did not file a reply memorandum to address this argument.

The Settlement Agreement provides that "[t]he prevailing party in any proceeding to interpret or enforce this Agreement shall be awarded reasonable attorney's fees." Rec. Doc. 188-

---

[1] In the declaration, Vickers refers to Amanda Butler, but in the time entries, he refers to her as Ms. Schley. The court will use "Butler-Schley."
[2] Vickers and Butler-Schley filed the declaratory judgment action that initiated this action.

2, at 6. In denying the Motion to Enforce and finding Dong Phuong the prevailing party, the Court ordered that Dong Phuong "is entitled to its reasonable attorneys' fees for defending this Motion as provided by the Settlement Agreement." Rec. Doc. 204, at 1. The Court's award is clearly linked to the Settlement Agreement. The Settlement Agreement calls simply for an award of fees and does not limit this award to the fees incurred in prosecuting or defending a motion to enforce. The Court finds that here, "the proceeding to interpret or enforce" the Settlement Agreement includes the proceedings to calculate fees due under the Settlement Agreement. Accordingly, the Settlement Agreement includes an award of attorneys' fees for Gemini's reasonable attorneys' fees incurred in filing the present motion to calculate attorneys' fees.

The Court will address Gemini's argument that Dong Phuong improperly seeks attorneys' fees for administrative work in its assessment of the reasonableness of the fee award below.

2. *Standard for Determining Reasonable Attorneys' Fees*

Federal courts engage in a two-step process to determine reasonable attorneys' fees. Matter of Fender, 12 F.3d 480, 487 (5th Cir. 1994). First, the Court computes the lodestar "by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work." Id.; see Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). The party requesting fees bears the burden of proving that the rates charged and hours expended are reasonable. See Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 770 (5th Cir. 1996); Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995).

"The court then adjusts the lodestar upward or downward depending upon the respective weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974)." Fender, 12 F.3d at 487. The Johnson factors are:

> 1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

Id.

The contract that provides for Dong Phuong's attorneys' fee award is governed by Louisiana law. The factors used by Louisiana courts to determine the amount of legal fees are "very similar to those used in the federal "lodestar" method as set out in Johnson." Chevron USA, Inc. v. Aker Mar. Inc., 689 F.3d 497, 505–06 (5th Cir. 2012). Thus, the Fifth Circuit has held that a district court does not abuse its discretion in applying the lodestar method. Id.

3. *Billing Rates*

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (5th Cir. 2011) (quoting Blum v. Stenson, 465 U.S. 886, 895–96 (1984)). The party seeking its attorneys' fees has the burden to prove the requested rates satisfy this test. Id.  Courts have required attorneys to produce both their own affidavits regarding their customary fees and evidence that these rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984); see Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 328 (5th Cir. 1995) ("To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates."); Yelton

4

v. PHI Inc., No. CIV.A. 09-04182, 2012 WL 3441826, at *4 (E.D. La. Aug. 14, 2012) ("Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.").

Prevailing market rates in this community span a wide spectrum. See Illinois Cent. R.R. Co. v. Bhd. of Locomotive Engineers & Trainmen, No. CV 20-1717, 2021 WL 65648, at *2 (E.D. La. Jan. 7, 2021) (awarding attorneys' fees at the requested billing rate of $275 per hour for attorneys with 21 years and 3 years of experience and $200 per hour for an attorney with 30 years of experience); Badon v. Berry's Reliable Res., LLC, No. CV 19-12317, 2020 WL 9440406, at *3 (E.D. La. Nov. 30, 2020) (reducing the billing rate for an attorney with 14 years of experience from the requested $350 per hour to $300 per hour); Norris v. Causey, No. CV 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016) (finding rates of $250, $200, and $150 were reasonable for attorneys with 31, 12 and 8 years respectively); Jefferson v. Baywater Drilling, LLC, No. CV 14-1711, 2015 WL 7281612, at *1 (E.D. La. Nov. 17, 2015) (affirming magistrate judge's report and recommendation finding that rates of $500 and $450 per hour were reasonable for two attorneys with 40 years of experience in maritime litigation and that $240 per hour was reasonable for an attorney with seven years' experience in maritime litigation); Adams v. City of New Orleans, No. CIV.A. 13-6779, 2015 WL 4606223, at *3 (E.D. La. July 30, 2015) (rate of $350 per hour reasonable for an attorney with 29 years of experience); Receivables Exch., LLC v. Advanced Tech. Servs., Inc., No. CIV.A. 14-668, 2015 WL 2372434, at *5 (E.D. La. May 18, 2015) (finding a rate of $240 reasonable for an attorney with 23 years of experience in commercial litigation).

Gemini does not challenge Griffin's billing rate of $200 per hour and the Court agrees that this is a reasonable rate well within the rates in this community. Gemini does not challenge

Vickers' billing rate of $350 per hour. This rate is on the high end, but it remains within the range of customary rates and is unchallenged by Gemini. Therefore, the Court finds it is reasonable.

Gemini contends that the billing rates of Butler-Schley and Dufrene are not supported by any evidence of the experience, reputation, and ability of this attorney and paralegal, respectively. With regard to the rate of $125 per hour for paralegal Dufrene, the Court finds this is adequately supported. In recent years, courts in this district have found rates between $100 and $150 per hour to be reasonable and within the prevailing market rates. E.g., Parkcrest Builders, LLC v. Hous. Auth. of New Orleans, No. CV 15-01533, 2020 WL 2857377, at *4 (E.D. La. May 8, 2020), report and recommendation adopted, No. CV 15-1533, 2020 WL 2850167 (E.D. La. June 2, 2020) ("The Court further finds that $150/hour is the prevailing hourly rate for a paralegal in this district."); Smith v. Bd. of Commissioners of Louisiana Stadium & Exposition Dist., No. CV 17-7267, 2019 WL 7580771, at *6 (E.D. La. Sept. 5, 2019), report and recommendation adopted, No. CV 17-7267, 2019 WL 7580772 (E.D. La. Oct. 1, 2019) ("The requested hourly rate for their paralegal, $100 per hour, is supported by similar fee awards in recent years in this district."); Warder v. Shaw Grp., Inc., No. CV 09-4191, 2016 WL 3447950, at *4 (E.D. La. June 23, 2016) (rejecting a paralegal rate of $233.28 and reducing the rate to $130 per hour).

Gemini rightly points out, however, that the rate of $350 per hour for Butler-Schley is not supported by any evidence of her years of experience or her areas of expertise. This rate is on the higher end of customary rates in this community based on other cases in recent years. Without evidence that Butler-Schley's experience or expertise justifies such a rate, the Court cannot find it reasonable. Accordingly, the Court will reduce her rate to $200 per hour to match that rate charged by Griffin. The reasonable fee for Butler-Schley's 2.5 hours of time is therefore reduced from $875 to $500.

6

4. *Time billed*

Gemini raises two issues with the time entries submitted by Dong Phuong. It contends some are duplicative, and it argues some involve administrative work that did not require an attorney to perform.

"[W]hile a party is free to employ multiple attorneys, that party's opponent is not required to pay for duplicative work by those attorneys – it remains the burden of the party seeking fees to demonstrate the reasonableness of all the fees it seeks." Jolie Design & Décor, Inc. v. Gogh, No. CV 15-0740, 2016 WL 4708210, at *4 (E.D. La. Aug. 11, 2016), report and recommendation adopted, No. CV 15-0740, 2016 WL 4718186 (E.D. La. Sept. 8, 2016); see Abrams v. Baylor Coll. of Med., 805 F.2d 528, 535 (5th Cir. 1986) (quoting Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717 (5th Cir. 1974) abrogated by Blanchard v. Bergeron, 489 U.S. 87 (1989)) ("The time of two or three lawyers in a courtroom or conference when one would do may be obviously discounted.").

The examples of purported duplication raised by Gemini fall into two categories: instances where multiple attorneys reviewed, analyzed, or drafted the same document and instances where multiple attorneys participated in a telephone call or exchanged emails. This type of shared work is not automatically unreasonable. Indeed, sometimes the best work product that attorneys provide their clients is created through collaboration. However, where multiple attorneys are involved, additional scrutiny is warranted to ensure that the requested fees are reasonable for the actual work performed.

Gemini first challenges work performed on February 15, 2023, reviewing and analyzing the motion to enforce settlement: Griffin spent 1.1 hours, Butler-Schley spent 2.5 hours (although her time entry is block billed and includes a phone call with Adam Linh), paralegal Dufrene spent

7

.5 hours, and Vickers spent .75 hours. The Court finds that the 2.5 hours spent by Butler-Schley is not reasonable considering the time spent on the same task by Griffin and Vickers and considering that Butler-Schley did not perform any other billable work with regard to the motion to enforce settlement (although she did participate in at least three phone calls and some emails on the matter but did not bill for that time). The court will reduce the compensable time for Butler-Schley's review of the motion to enforce to 1.25 hours.  Butler-Schley's $500 worth of work at the reduced rate is therefore reduced further to $250 (for a total reduction of $625). The Court finds no reduction is appropriate for the reasonable time spent by Griffin, Dufrene, and Vickers reviewing the Motion to Enforce.

Next on February 15 and 16, 2023, Gemini challenges several phone calls and emails: Griffin participated in a phone call for .6 hours and a second for 1 hour[3]; Vickers participated in a phone call for .75 hours and a second for 1 hour. It appears that Butler-Schley participated in these calls but did not bill for them. Griffin then spent 1.3 hours analyzing emails and phone calls to create a timeline and another .8 hours on a conference call regarding the timeline and strategy. Vickers spent .5 hours exchanging detailed strategy emails, .75 hours on a phone call regarding initial strategy and letters to Dong Phuong resellers; and another .75 hours on a phone call regarding alleged infringement and strategy. In total, each Griffin and Vickers billed for about 3.8 hours of time spent on email of telephone conferences collaborating with one another—and at times Butler-Schley. Vickers has provided intellectual property litigation expertise and Griffin has—from the Court's observations—been leading the litigation for Dong Phuong. The Court finds

---

[3] Gemini also challenges Griffin's .7 hours spent on telephone calls with Dong Phoung's resellers regarding the facts related to the delivery and retrieval of the Gemini king cake boxes. The court finds that this work is not duplicative of the work of other attorneys.

that their participation in less than four hours of conferences and email communications for the purpose of strategic collaboration is not unreasonable under the circumstances of this case.

Gemini next challenges time entries on March 15, 2023, when Griffin charged .9 hours for attending oral argument and Vickers charged .25 hours for participating in a call with Griffin regarding the motion hearing. Additionally, on March 27, 2023, Griffin charged .3 hours for review of the Court's order on the motion to enforce settlement and Vickers charged .25 hours for his review of the order, exchange of emails regarding calculation of fees, and a telephone call with Butler-Schley regarding the same. The Court finds that by this stage in the proceedings, there was no longer a reasonable basis for the legal advice of Vickers as intellectual property counsel. The Court will reduce the requested award by $175 for the .5 hours charged by Vickers for duplicative work.

On March 31, 2023, Griffin spent .6 hours preparing the submission in support of the attorneys' fee award, including her declaration. On April 7, Vickers spent .5 hours reviewing and editing the declaration. On April 14, he spent .5 hours finalizing the declaration and attending a call with Griffin regarding the same. The Court finds the amount of time spent by Vickers on the declaration(s) is excessive. Although he had to prepare and/or edit his own declaration, his intellectual property background was not necessary for creation of Griffin's declaration or the submission. The Court will reduce Vickers time spent on these tasks by half for an award reduction of $175.

Next the Court considers Gemini's challenge to the alleged administrative work performed by Dong Phuong's attorneys. As Gemini points out, courts will not typically award attorneys' fees for administrative work that did not require an attorney's skill or experience to perform. See Dasilva v. U.S. Citizenship & Immigration Servs., No. CIV.A. 13-13, 2014 WL 1819753, at *4

9

(E.D. La. May 7, 2014) (observing that "billing relative to notices of electronic filing is patently unwarranted"); Hagan v. MRS Assocs., Inc., No. CIV. A. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001), aff'd sub nom. Hagan v. M.R.S. Assocs., Inc., 281 F.3d 1280 (5th Cir. 2001) ("A prevailing plaintiff should not recover an attorney rate for work that clerical staff could have easily accomplished, regardless of who actually performed the work").

On March 28, Vickers spent .25 hours reviewing billing entries to support an attorney fee award. The Court agrees that reviewing billing entries is administrative work not reasonably billed to the client. When the attorney reviews bills for reasonableness in the ordinary course of business, that is not legal work to be charged to the client. No further attorney review of the bills was necessary to prepare them for submission in support of the fees motion. Accordingly, the Court will eliminate this .25 hours from the fee award, reducing the requested fees by reduce the requested fee award by $87.50. The only time by Griffin on the attorneys' fees motion is .1 hours emailing the insurer, and .6 hours spent preparing the application, including the declaration. The Court finds this is not unreasonable and will not further reduce the award.

5. *Johnson Factors*

The Court finds no further reduction or increase in the award is warranted by further consideration of the Johnson factors. The time and labor required as well as the novelty and difficulty of the issues were adequately addressed by consideration of the time entries in the lodestar calculation above. The skill required to perform legal services, the preclusion of other employment, the customary fee, and the experience and reputation of the attorneys were addressed in consideration of the billing rates above. The fee was not contingent. The amount involved and results obtained, the undesirability of the case, the nature and length of the professional relationship with the client, and awards and similar cases do not bear on the award here.

<u>Conclusion</u>

Overall, the fees requested by Dong Phuong are reasonable. For minor duplication of effort and billing for administrative work as further discussed above, the Court will reduce the requested fees of $8,006.20 by $1,062.50 to a total award of $6,943.70 in reasonable attorneys' fees owed to Dong Phuong pursuant to the Settlement Agreement. Dong Phuong's motion is hereby GRANTED; and Gemini shall pay Dong Phuong's reasonable attorneys' fees of $6,943.70 to Dong Phuong.

New Orleans, Louisiana, this 15th day of May, 2023.

                                                    Janis van Meerveld
                                        United States Magistrate Judge